RICHARD H. CLEVELAND and THOMAS BATY,
Plaintiffs-Appellants

v.

CHARLES ARCEO, JOSE ARCEO, ANTONIA L. G. ARCEO,
PETER IMAIZUMI, PEDRO D. IMAIZUMI, and ANTONIA
D. IMAIZUMI, Defendants-Appellees

Civil No. 81-A

District Court of Guam

Appellate Division

April 16, 1975

| Counsel for Plaintiffs-Appellants: | DAVID M. SHAPIRO, ESQ. |
| Counsel for Defendants-Appellees Charles Arceo, Jose Arceo, Antonia L. G. Arceo: | Public Defender's Office (SAM S. PAIK, ESQ. of counsel) |
| Counsel for Defendants-Appellees Peter Imaizumi, Pedro D. Imaizumi, Antonia D. Imaizumi: | DAVID S. TERLAJE, ESQ. and EDDIE S. TERLAJE, ESQ. |

BROWN, GRAY and PEREZ, *Designated Judges*

BROWN, *Judge*

## OPINION

Plaintiffs-appellants filed an action for damages for personal injuries arising out of an incident which occurred at the George Washington Senior High School, territory of Guam, wherein they claimed that minor defendants, Charles Arceo and Peter Imaizumi, had committed assault and battery upon each of them.

Defendant, Charles Arceo, counterclaimed against plaintiff, Thomas Baty, and claimed that about ten (10) days after the first incident, Mr. Baty had subjected him to assault and battery.

Both the complainant and countercomplainant sought actual and punitive damages, and the cause was tried to a jury. Following the verdict a judgment was entered awarding plaintiff, Richard H. Cleveland, One Hundred Dollars ($100.00) damages with interest against defendants, Peter Imaizumi, Pedro Imaizumi and Antonia Imaizumi, only. The jury awarded plaintiff, Thomas Baty, Five Hundred Dollars ($500.00) with interest from defendants, Charles Arceo, Jose Arceo and Antonia L. G. Arceo, only, and under the counterclaim awarded counterclaimant, Charles Arceo, Five Hundred Dollars ($500.00) with interest from Thomas Baty; and judgment was entered thereon.

Both in their brief and in oral argument plaintiffs asserted that they did not and do not seek a new trial against defendants or either or any of them, and were content to have the judgment heretofore entered be final against those respective defendants. For that reason we need to consider this appeal only as it applies to the recovery under the counterclaim.

The only serious question which is presented has to do with the contention that counsel for the defendants, Arceo, so misconducted himself as to require us to reverse the judgment under the counterclaim, and we conclude that we must do so.

409

During the trial, counsel for defendants, Arceo, deliberately interjected questions of race, employment, the fact that plaintiffs were members of a union, the arrangements they had made with their counsel as to the latter's compensation, and even went so far as to bring before the jury, by inference, a question of homosexuality on the part of the plaintiffs. This conduct was reprehensible and it fell far below the standard to be expected of any officer of the court and so contaminated the entire jury as to require reversal.

During the course of the trial the judge presiding did admonish the jury concerning the misconduct of defense counsel, but it is clear to us that no admonishment could have corrected the situation which had occurred, for the jury had been prejudiced to such an extent that no corrective action by the trial judge could have undone the damage caused by counsel.

Appeals to matters of race, union affiliation, and the financial arrangements made between attorney and client have nothing to do with the merits of the case. They serve only to confuse and to prejudice. *Calloway v. Fogel*, 213 S.W.2d 405 (Mo.)

The reckless assertions made by defense counsel were unsupported by the proof and clearly were intended to arouse prejudices against the litigants, and we condemn that as tending to cause a miscarriage of justice. Such conduct cannot be excused or condoned. *Missouri K–TR Co. of Texas v. Ridgeway*, 191 F.2d 363 (CA8).

There was no evidence whatsoever that any party to the action was a homosexual, and this matter having come before the jury, even by inference, served only to further contaminate the jury and to deprive plaintiffs of their right to a fair trial. Such references alone would be clearly sufficient to necessitate a reversal. *Colfer v. Vale*, 363 P.2d 588 (Ariz.).

In view of the foregoing, the judgment on the verdict in the main action is affirmed, and the judgment entered on the verdict as to the counterclaim only is reversed.